UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TYEHSHA GRAY,

                                                Plaintiff,

                -against-

THE CITY OF NEW YORK, DETECTIVE
CHRISTOPHER SCHILLING, shield number 6516,
SERGEANT SEAN O'BRIEN, shield # 02366,
DETECTIVE CHRISTOPHER RODRIGO, shield #
05683, DETECTIVE ANDREW DUGUID, shield #
92520, DETECTIVE SUSIE PERALTA, shield # 13139,

                                                Defendants.

**FIRST AMENDED COMPLAINT**

08 CV 2210 (SJ) (JO)

<u>Jury Trial Demanded</u>

------------------------------------------------------------------------ X

## PRELIMINARY STATEMENT

1.     This is an action, brought pursuant to 42 U.S.C. § 1983 and state law, alleging misconduct by the City of New York and individuals employed by the New York City Police Department ("NYPD").  Plaintiff alleges that, on January 21, 2008, officers employed in the NYPD's Brooklyn North Narcotics Division subjected her to false arrest, excessive force, assault, battery, an illegal strip search, and fabricated evidence in violation of the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and New York state law. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.     This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her state law claims of false arrest, assault, battery, illegal strip search, and negligent hiring, training, discipline, and retention of unfit employees. With respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

5. Plaintiff is a resident of the State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Detective Christopher Schilling, Sergeant Sean O'Brien, Detective Christopher Rodrigo, Detective Andrew Duguid, and Detective Susie Peralta are members of the NYPD's Brooklyn North Narcotics Division who were involved in the arrest of plaintiff and the torts arising out of plaintiff's arrest. These officers were acting under color state law and in their capacities as New York City Police Officers at all relevant times herein. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The officers are sued in their individual capacities.

## STATEMENT OF FACTS

8. On January 21, 2008, at approximately 8:30 p.m., plaintiff left her residence at 313 A. Pulaski Street, Brooklyn, New York to go to the grocery store.

9. On her way to the store, plaintiff heard a commotion in the parking lot of 953 Dekalb Avenue, Brooklyn, New York, which is located across the street from plaintiff's residence.

10. Upon entering the parking lot, plaintiff observed Detective Christopher Schilling, Sergeant Sean O'Brien, Detective Christopher Rodrigo, Detective Andrew Duguid, and Detective Susie Peralta mistreating her friend, Shawn Woodson.

11. Plaintiff politely asked the officers what they were doing.

12. In response to plaintiff's exercise of free speech, Detective Christopher Schilling unnecessarily pushed plaintiff causing plaintiff pain and causing plaintiff to stumble backward.

13. In further response to plaintiff's exercise of free speech, Detective Schilling, Sergeant O'Brien, Detective Rodrigo, Detective Duguid, and Detective Peralta arrested plaintiff without probable cause.

14. In the course of arresting plaintiff, Schilling handcuffed plaintiff excessively tight causing marks on her wrists and interfering with her circulation.

15. Schilling then searched plaintiff without cause.

16. No illegal contraband was found on plaintiff.

17. Sergeant O'Brien, Detective Rodrigo, Detective Duguid, and Detective Peralta observed Detective Schilling violate plaintiff's rights but they failed to intervene to protect plaintiff.

18. Thereafter, Detective Peralta placed plaintiff into a van and the police eventually took plaintiff to the 83rd Precinct.

19. At the 83rd Precinct, Detective Peralta illegally strip searched plaintiff and ordered the nude plaintiff to bend over, squat and cough.

20. Detective Schilling knew that this illegal strip search was going to take place but he failed to intervene to protect plaintiff.

21. While plaintiff was in the precinct, Detective Schilling, acting in furtherance of a conspiracy with the other officers, prepared false police reports accusing plaintiff of committing the misdemeanor, obstructing governmental administration in the second degree.

22. On January 22, 2008, police took plaintiff to Brooklyn Central Booking.

23. While plaintiff was awaiting arraignment, Detective Schilling, acting in furtherance of a conspiracy with the other officers, misrepresented to prosecutors that plaintiff committed the crime of obstructing governmental administration in the second degree.

24. The aforesaid misrepresentation resulted in a false misdemeanor charge of obstructing governmental administration in the second degree being filed against plaintiff.

25. In the evening of January 22, 2008, plaintiff was arraigned in Criminal Court, Kings County

26. The presiding judge released plaintiff on her own recognizance and ordered her to return to court at a later date.

27. Plaintiff was required to make court appearances after her arraignment.

28. In April 2008, the criminal charge filed against plaintiff was adjourned in contemplation of dismissal.

29. As a result of defendants' actions, plaintiff suffered emotional distress, mental anguish, fear, embarrassment, humiliation, discomfort, pain, bruising, a loss of liberty, and damage to reputation.

**PLAINTIFF'S FEDERAL CLAIMS AGAINST DETECTIVE CHRISTOPHER SCHILLING, SERGEANT SEAN O'BRIEN, DETECTIVE CHRISTOPHER RODRIGO, DETECTIVE ANDREW DUGUID, AND DETECTIVE SUSIE PERALTA**

30. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-29 as if fully set forth herein.

31. The conduct of Detective Christopher Schilling, Sergeant Sean O'Brien, Detective Christopher Rodrigo, Detective Andrew Duguid, and Detective Susie Peralta, as described herein, amounted to false arrest, excessive force, an unlawful strip search, and fabrication of evidence in violation of 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

**PLAINTIFF'S STATE LAW CLAIMS AGAINST DETECTIVE CHRISTOPHER SCHILLING, SERGEANT SEAN O'BRIEN, DETECTIVE CHRISTOPHER RODRIGO, DETECTIVE ANDREW DUGUID, AND DETECTIVE SUSIE PERALTA**

32. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-31 as if fully set forth herein.

33. The conduct of Detective Christopher Schilling, Sergeant Sean O'Brien, Detective Christopher Rodrigo, Detective Andrew Duguid, and Detective Susie Peralta, as described herein, amounted to false arrest, assault, battery, and an unlawful strip search in violation of New York state law.

### PLAINTIFF'S FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

34. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-33 as if fully set forth herein.

35. The City of New York directly caused the constitutional violations suffered by plaintiff.

36. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that police officers employed in the Brooklyn North Narcotics Division, including the officers involved in the present case, are unfit officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

37. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

### PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK

38. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-37 as if fully set forth herein.

39. Because the police officers involved in the torts committed against plaintiff were acting within the scope of their employment as members of the NYPD during the

incident in question, the City of New York is vicariously liable under state law for false arrest, assault, battery, and an unlawful strip search.

      40.      Further, for the reasons set forth in ¶ 36, the City is liable for negligent hiring, training, discipline, and retention of the officers involved in the present case.

      WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

      a.      Compensatory damages in an amount to be determined by a jury;

      b.      Punitive damages in an amount to be determined by a jury;

      c.      Attorney's fees and costs;

      d.      Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:      September 11, 2008
                   Brooklyn, New York

                                    CARDINALE & MARINELLI
                                    26 Court Street, Suite 1815
                                    Brooklyn, New York 11242
                                    (718) 624-9391

                                    By:

                                    S/

                                    _____
                                    RICHARD J. CARDINALE